FILED
May 25, 2022
12:35 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Kenneth R. Watson | ) Docket No. 2021-01-0733 |
| | ) |
| v. | ) State File No. 95120-2019 |
| | ) |
| Amazon.com Services, LLC, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Thomas L. Wyatt, Judge | ) |

## Affirmed and Remanded

The employee, a warehouse worker, reported experiencing neck pain while operating a reach truck and looking up repetitively. After reporting his symptoms to the employer, the employee was evaluated by a panel-selected physician, who recommended surgery but concluded the employee's cervical spine condition did not arise primarily out of the employment. Thereafter, the employer filed a motion for summary judgment, asserting it had negated an essential element of the employee's claim and had established the employee's evidence of causation was insufficient as a matter of law. In response, the employee attacked the factual basis of the physician's causation opinion but did not offer a countervailing expert opinion. The trial court denied the employer's motion for summary judgment, concluding the employee had raised one or more genuine issues of material fact concerning the factual basis of the physician's causation opinion, and the employer appealed. We affirm the trial court's order and remand the case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Pele I. Godkin joined.

W. Troy Hart and Kristen C. Stevenson, Knoxville, Tennessee, for the employer-appellant, Amazon.com Services, LLC

Denny E. Mobbs, Cleveland, Tennessee, for the employee-appellee, Kenneth R. Watson

## Factual and Procedural Background

Kenneth R. Watson ("Employee") was employed by Amazon.com Services, LLC ("Employer") as a reach truck operator at its warehouse facility in Charleston, Tennessee,

1

where he had worked for approximately six years. As a reach truck operator, he was responsible for storing pallets of merchandise on different shelving levels. Merchandise too large to be stored on lower shelves was placed on the top shelf. Employee reported that the highest shelf was approximately 20-25 feet above ground level. He further reported that a typical workday required him to look up at various levels above the ground level hundreds of times per shift.

On July 16, 2019, Employee reported experiencing pain in his neck radiating down his left upper extremity while operating a reach truck. Over the course of his shift, the pain worsened. After Employee reported his symptoms to Employer, he was provided a panel of physicians, from which he selected Dr. Rickey Hutcheson. In a September 10, 2019 report, Dr. Hutcheson described the work incident as follows: "He was at work and just looked up. There was no pressure, no event, no accident. He just looked up and felt a pop in his neck and developed some neck pain." Based on this understanding of how the work incident happened, Dr. Hutcheson addressed causation as follows:

> Based off recent literature of the *AMA Guide to Evaluation of Disease and Injury Causation, Second Edition*, I can say with greater than 51% certainty that [Employee's medical condition] is causally related to his degenerative process NOT the work-related injury, so I can say it is NOT work related.

Thereafter, Employee filed a motion asking the trial court to appoint a neutral physician to examine Employee pursuant to Tennessee Code Annotated section 50-6-204(b)(9). That motion was denied, and the trial court's order was not appealed. Employer then filed a motion for summary judgment in which it argued it had negated an essential element of Employee's claim and had established that Employee's evidence of medical causation was insufficient as a matter of law.

Prior to responding to Employer's motion for summary judgment, Employee filed a motion seeking additional time to depose Dr. Hutcheson. Given that no hearing had been scheduled to address Employer's dispositive motion and that there was no requirement that a response be filed until at least five days before a hearing, the court denied Employee's motion for an extension of time as moot. Thereafter, the parties agreed to set a hearing on the motion for summary judgment. In his response to the motion, Employee asserted he had been unable to secure Dr. Hutcheson's deposition because the physician's office required a prepayment of $1,200.00 for the deposition, which Employee was unable to pay.[1]

---

[1] We note that Dr. Hutcheson's demand for a prepayment of $1,200.00 to schedule a deposition, which is documented in a December 17, 2021 letter from Dr. Hutcheson's office, violates Tenn. Comp. R. and Regs. 0800-02-21-.17(4)(b) (2022), which states, "Physicians may require pre-payment of seven hundred fifty dollars ($750.00) *maximum* for a deposition or in-person appearance." (Emphasis added.)

2

In his response to the motion for summary judgment, Employee acknowledged he had no countervailing expert opinion to contradict that of Dr. Hutcheson, but he maintained there were one or more genuine issues of material fact precluding summary judgment. In support of his position, Employee attacked not the causation opinion itself, but the facts on which that opinion was based. Following the hearing, the trial court denied Employer's motion, concluding that a genuine issue of material fact existed as to the mechanism of injury, and that this factual dispute "creates an issue as to the reliability of Dr. Hutcheson's opinion." Employer has appealed.

## Standard of Review

The interpretation and application of statutes, rules, and regulations are questions of law that we review de novo with no presumption that the trial court's conclusions are correct. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). The grant or denial of a motion for summary judgment likewise is a question of law that we review de novo with no presumption that the trial court's conclusions are correct. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). As such, we "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.* In reviewing a trial court's decision on a motion for summary judgment, we are to review the evidence in a light most favorable to the nonmoving party and draw all reasonable inferences in favor of the nonmoving party. *Lyles v. Titlemax of Tenn. Inc.*, No. W2017-00873-SC-WCM-WC, 2018 Tenn. LEXIS 520, at *5 (Tenn. Workers' Comp. Panel Sept. 14, 2018). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2021).

## Analysis

A motion for summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. The burden is on the party pursuing summary judgment to demonstrate both that no genuine issues of material fact exist and that the moving party is entitled to a judgment as a matter of law. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008). When, as in the present case, the moving party does not bear the burden of production at trial, the moving party may satisfy its burden at the summary judgment stage by either (1) affirmatively negating an essential element of the nonmoving party's claim or (2) demonstrating that the nonmoving party's evidence at the summary judgment stage is insufficient to establish the nonmoving party's claim. *Rye*, 477 S.W.3d at 264. If the moving party makes a properly supported motion,

the burden of production then shifts to the nonmoving party to demonstrate the existence of one or more genuine issues of material fact at the summary judgment stage. *Id.* at 265.

With respect to the consideration of expert opinions, we recently addressed the trial court's role as follows:

> Pursuant to Rule 703 of the Tennessee Rules of Evidence, a trial court is instructed to consider "[t]he facts or data . . . upon which an expert bases an opinion or inference." A trial court is further instructed to disallow opinion testimony "if the underlying facts or data indicate lack of trustworthiness." Tenn. R. Evid. 703. When evaluating expert proof, a trial court is allowed, among other things, to consider the qualifications of the experts, the circumstances of their examinations, *the information available to them*, and the evaluation of the importance of that information by other experts.

*Bailey v. Amazon*, No. 2021-01-0057, 2022 TN Wrk. Comp. App. Bd. LEXIS 16, at *8 (Tenn. Workers' Comp. App. Bd. May 3, 2022) (internal quotation marks and citation omitted). Thus, the issue on which this case hinges is whether, in evaluating an expert's opinion that supports a moving party's motion for summary judgment, the trial court can consider the reliability of the underlying facts or data on which the expert's opinion is based. We conclude it can if the nonmoving party raises sufficient question regarding the reliability of the underlying facts or data on which the expert relied to create a genuine issue of material fact.

In *Payne v. D & D Electric*, No. E2016-01177-SC-R3-WC, 2017 Tenn. LEXIS 215 (Tenn. Workers' Comp. Panel Apr. 18, 2017), the Supreme Court's Special Workers' Compensation Appeals Panel addressed current summary judgment standards:

> When a motion for summary judgment is made and supported, the party opposing summary judgment must file a response to each fact set forth by the moving party. The nonmoving party may not rely upon the allegations in the pleadings; to survive summary judgment, the nonmoving party must set forth specific facts showing a genuine issue for trial. The nonmoving party's response must do more than simply show that there is some metaphysical doubt as to the material facts. The nonmoving party must demonstrate the existence of specific facts in the record that could lead a rational trier of fact to find in favor of the nonmoving party.

*Id.* at *8 (internal citations omitted). *See also Bellomy v. Autozone, Inc.*, No. E2009-00351-COA-R3-CV, 2009 Tenn. App. LEXIS 792, at *38 (Tenn. Ct. App. Nov. 24, 2009) ("The nonmoving party may satisfy its burden of production by . . . pointing to evidence establishing material factual disputes that were over-looked or ignored by the moving party. . . .").

Here, according to Dr. Hutcheson's September 9, 2019 report, he considered the mechanics of the work incident to be as follows: "He was at work and just looked up. There was no pressure, no event, no accident. He just looked up and felt a pop in his neck and developed some neck pain." Based on this description, it is reasonable to infer that Dr. Hutcheson understood Employee to be describing one moment in time when he believed he experienced a sudden cervical spine injury. Yet, in this affidavit, Employee described repetitively bending his head backwards to visualize work he was performing above ground level with the reach truck. He further described this as occurring "hundreds of times per shift." This affidavit testimony is significantly different than the description on which Dr. Hutcheson relied in forming his causation opinion. Given that we are to view the evidence in a light most favorable to the nonmoving party, and we are to draw all reasonable inferences in favor of the nonmoving party, we conclude Employee has created a genuine issue of material fact as to whether Dr. Hutcheson's causation opinion was based on an accurate description of the event or events Employee alleges caused his injury.

Finally, both parties have cited and relied on our prior opinion in *King v. Kasai North America, Inc.*, No. 2017-01-0397, 2019 TN Wrk. Comp. App. Bd. LEXIS 16 (Tenn. Workers' Comp. App. Bd. Apr. 4, 2019). In *King*, the employer filed a motion for summary judgment supported by a causation opinion from the treating physician indicating he "could not relate [the employee's] knee complaints to the . . . fall at work." *Id.* at *3. In response to the motion for summary judgment, the employee filed a one-page document in which she admitted "at this time she has no such expert medical proof establishing causation." *Id.* Critical to our analysis here, the employee in *King* did not contradict the mechanism of injury as described by the treating physician. In fact, during the hearing on the employer's motion for summary judgment, counsel for the employee admitted, "we just don't have the medical proof on causation that would justify us moving forward." *Id.* at *4. The trial court in that case denied the motion for summary judgment but did not cite any factual dispute as to the mechanism of injury supporting the denial. *Id.* at *5. We reversed and remanded the case for entry of an order of dismissal, concluding "the disputed issues of fact identified by the trial court were not material to the question of whether [the employee's] medical evidence of causation, an essential element of her claim, was insufficient at the summary judgment stage." *Id.* at *8-9.

We conclude *King* is distinguishable from the present case. Here, although Employee did not present an expert medical opinion contradicting the causation opinion offered by Dr. Hutcheson, unlike the employee in *King*, Employee presented sworn affidavit testimony contradicting the factual basis of Dr. Hutcheson's causation opinion. Pursuant to the Tennessee Rules of Evidence, a trial court is charged with considering the factual basis of an expert's opinion and disallowing opinion testimony "if the underlying facts or data indicate lack of trustworthiness." Tenn. R. Evid. 703. Here, the trial court noted that "[e]xpert opinion is inadmissible if its factual foundation is nebulous." The court determined that the discrepancy between Dr. Hutcheson's understanding of the mechanism of injury and Employee's description of how he believes he was injured was sufficient to

5

create a genuine issue of material fact. We agree and conclude Employee presented sufficient factual evidence to create a genuine issue of material fact regarding the mechanism of the alleged cervical spine injury.[2]

## Conclusion

Accordingly, for the reasons set out above, we affirm the trial court's order and remand the case. Costs on appeal are taxed to Employer.

---

[2] We note that, had the trial court disallowed Dr. Hutcheson's Rule 72 declaration and the attached medical record at the summary judgment stage pursuant to Tenn. R. Evid. 703, the proper basis for denial of summary judgment would have been that Employer had failed to meet its burden of production under Rule 56, and the burden would not have shifted to Employee to come forward with sufficient evidence to show the existence of a genuine issue of material fact. Instead, the trial court acknowledged there was "an issue as to the credibility of Dr. Hutcheson's opinion," but did not exclude it. Given our conclusion that Employee came forward with sufficient evidence to create a genuine issue of material fact supporting the denial of summary judgment, we need not address this issue further.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Kenneth R. Watson | ) | Docket No. 2021-01-0733 |
| | ) | |
| v. | ) | State File No. 95120-2019 |
| | ) | |
| Amazon.com Services, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Thomas L. Wyatt, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 25th day of May, 2022.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| W. Troy Hart<br>Kristen C. Stevenson | | | | X | wth@mijs.com<br>kcstevenson@mijs.com |
| Denny Mobbs<br>Zendi Kramer | | | | X | office@jordanfabricatinginc.com<br>kramer_zendi@att.net |
| Thomas L. Wyatt, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov